UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-61314-CIV-SINGHAL

LEXINGTON LUMINANCE LLC,

    Plaintiffs,

  v.

LIGHTING & SUPPLIES, INC.,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Lighting & Supplies, Inc. ("Defendant" or "L&S") Motion for Leave to Submit Claim Construction Briefs and Request for Claim Construction Hearing (the "Motion") (DE [188]), filed on April 16, 2025. Plaintiff Lexington Luminance LLC ("Plaintiff" or "Lexington") filed its Response to Defendant's Motion for Leave to Submit Claim Construction Briefs and Request for Claim Construction Hearing (the "Response") (DE [189]) on April 30, 2025. Defendant then submitted its Reply in Support of its Motion for Leave to Submit Claim Construction Briefs and Request for Claim Construction Hearing (the "Reply") (DE [190]) on May 7, 2025. As such, the Motion is ripe for adjudication. The Court has reviewed the Motion and docket and is fully advised in the premises.

## INTRODUCTION

Lexington is a Massachusetts-based limited liability company, and L&S is a domestic corporation organized and existing under New York law. (DE [1] at ¶¶ 1-2). This matter centers on Lexington's allegations that L&S "has infringed and/or continues

to infringe . . . one or more claims of the '851 Patent. . . ," including "at least claim 1." *Id.* at ¶ 12. The '851 Patent incorporates U.S. Patent No. 6,936,851 B2 and U.S. Patent No. 6,936,851 C1, collectively. *Id.* at ¶ 9. L&S denies having infringed or contributed to others infringing the '851 Patent and also challenges its validity. (DE [17] at p. 3-4).

## LEGAL STANDARD

The fundamental purpose of a patent is to provide notice to others of the subject matter as to which the inventor claims exclusive rights. *Oakley Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1340 (Fed. Cir. 2003). The "claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005). The focus of claim construction, therefore, is on ascertaining how one of ordinary skill in the relevant art would have understood the claim language at the time of invention. *See Id.* at 1312-13 (en banc). For this, courts look to sources such as "the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art." *Id.* at 1314 (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1116 (Fed. Cir. 2004)). Courts also rely on extrinsic evidence via expert testimony to determine the state of the art at the time of the invention. *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S.Ct. 831, 841 (2015).

Determining what a claim means is an issue for courts, and the hearing at which the court hears evidence on the proper construction of the disputed claim terms is called a Markman hearing. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996); *Barreca v. South Beach Beverage Co., Inc.*, 322 F. Supp. 2d 1186, 1188 n.1 (D. Colo 2004). However, claim construction is "not an obligatory exercise in redundancy." *U.S.*

*Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997). That is, courts cannot "render[] an advisory opinion as to claim construction issues that do not actually affect the infringement controversy between the parties." *Jang v. Boston Scientific Corp.*, 532 F.3d 1330, 1336 (Fed. Cir. 2008); *see also Vivid Techs., Inc. v. Am. Science & Engineering, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) ("[O]nly those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy."); *Warner Chilcott Co., LLC v. Mylan, Inc.*, 2013 WL 3336872, at *3 (D.N.J. 2013) ("A court is not required to construe a claim term where there is not an actual dispute with respect to that term.").

## ANALYSIS

By way of this Motion, Defendant hones in on a "dispute [between Parties] over the meaning and scope of certain claim terms. . ." (DE [188] at p. 1). From a practical standpoint, Defendant seeks to file claim construction briefs on disputed claim terms in the '851 Patent and requests a claim construction hearing, arguing the Court should weigh in before trial. For validation, Defendant points out that Plaintiff had raised claim construction arguments in its Opposition to Defendant's Motion for Summary Judgment. *See* (DE [125]). True as that may be, Plaintiff now nonetheless opposes the instant Motion. Plaintiff argues, for instance, that Defendant waived its arguments with its "failure to timely raise" them. (DE [189] at p. 4).

Defendant's Motion presents a vexing request to the Court, not the least because of the context in which it was filed. The Court must consider timeliness, because trial courts have discretion on when to interpret claims. *See, e.g. Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1363-64 (Fed. Cir. 2005) ("There is no requirement that

3

the district court construe the claims at any particular time…"); *see also Jack Guttman, Inc. v. Kopykake Enterprises, Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) ("District courts may engage in a rolling claim construction…"); *Sofamor Danek Group, Inc. v. DePuy-Motech, Inc.*, 74 F.3d 1216, 1221 (Fed. Cir. 1996). All the same, courts have disfavored claim constructions pursued close to trial. *See Bettcher Indus., Inc., v. Bunzl USA, Inc.*, 661 F.3d 629, 640-41 (Fed. Cir. 2011) (party waived claim construction position given failure to raise it until "eve of trial"); *International Business Machines Corp. v. Zynga Inc.*, 2024 WL 4103765, at *2 (D. Del. 2024) (party waived claim construction arguments by waiting to raise them until "eve of trial," after "expert reports [had] already been served").

Here, there can be no dispute that Defendant's Motion comes at an inopportune time. As Plaintiff correctly identifies, this request comes "more than a year after Plaintiff served its opening expert report on infringement. . . and more than one year after Defendant deposed Plaintiff's technical expert. . ." (DE [189] at p. 3). By now, Parties have already completed fact and expert discovery, and their pretrial motions have been ruled on. This case is three years old, and the record is voluminous. Parties have had multiple trial settings scheduled, with the current trial date rapidly approaching. *Id.* To say this Court is unenthusiastic about the prospect of, yet again, changing the trial schedule would be a serious understatement.

But, despite the timing of Defendant's request, the Court must also evaluate whether its involvement in claim construction is necessary at this juncture. Should a court face such a request, a "threshold question to be addressed . . . is whether and to what extent construction is even necessary." *Warner Chilcott*, 2013 WL 3336872, at *3. This is the same standard the Court used in its decision in *System Stormseal PTY Ltd. et al.*

4

*v. ABC Supply Co., Inc., et al.*, No. 9:22-81726-CIV-SINGHAL (S.D. Fla. Nov. 27, 2024)—which both Parties have reviewed and reference. Here, Plaintiff seems to concede differences between the Parties' respective construals. *See, e.g.* (DE [189] at p. 3) ("Plaintiff disputes that '***directly*** disposed on' is required."). In addition, Plaintiff had itself previously advised that the Court needed to weigh in on claim construction. *See* (DE [125] at p. 11-12) ("Defendant has raised a claim construction dispute, and this must be resolved by the Court prior to trial."). Further, Plaintiff expresses concern that Defendant may attempt to make claim construction arguments before the jury, in the absence of guidance from the Court—whether "in the form of a *in limine* or claim construction order." (DE [189] at p. 4). Both Parties seem to suggest the need for Court involvement, distinguishing these circumstances from those in *System Stormseal PTY Ltd, et al.* Hence, the Court has no choice but to intervene at this juncture.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Leave to Submit Claim Construction Briefs and Request for Claim Construction Hearing (DE [188]) is **GRANTED.**

2. Parties are instructed to file their claim construction briefs by **May 26, 2025 at 12 PM**. Parties' briefs are limited to fifteen pages. Barring extraordinary circumstances, no requests for extension of time will be granted. Requests for extra pages will not be entertained.

3. Parties may file a response brief to address the other's claim construction brief by **June 4, 2025 at 12 PM**. Response briefs are limited to ten pages. Barring extraordinary circumstances, no requests for extension of time will be granted. Requests for extra pages will not be entertained. Parties will not have an opportunity to file a reply.

4.	The Trial Period, which is currently scheduled for the two-week docket beginning at 9:00 AM on Monday, June 9, 2025, is **CONTINUED**.  By **May 21, 2025**, Parties must advise the Court about feasible trial dates in September 2025.

5.	Parties shall appear before the undersigned on **Monday, June 9, 2025 at 11:00 AM** for a claim construction hearing.  The hearing will be conducted in **Courtroom 110 at the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 14th day of May 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF